UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DON HOSKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN J. O'MALLEY, Commissioner of<br>the Social Security Administration,<br><br>　　　　Defendant. | CAUSE NO.: 1:21-CV-469-TLS-SLC |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 33], filed on October 3, 2024. The Commissioner does not object to the motion. ECF No. 34. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

On January 5, 2015, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on July 18, 2014. AR 220, ECF No. 11. The Plaintiff challenged the denial of benefits in federal court, and the Court reversed and remanded for further proceedings. *Hoskins v. Berryhill*, 1:18-cv-23 (Oct. 23, 2018). Equal Access to Justice Act (EAJA) fees were awarded in the amount of $4,080.00. *Id.* (Feb. 21, 2019). A second hearing was held on August 19, 2019, resulting in an unfavorable decision. AR 753, 756. The Plaintiff filed a Complaint in this case, and the Court again reversed and remanded for further proceedings. ECF No. 28. On June 1, 2023, the Court awarded the Plaintiff's attorney EAJA fees in the amount of $12,500.00. ECF No. 32. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits, twenty-five percent of which is $28,111.50. *See* Notice of Award 3, ECF No. 33-7.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $28,111.50. Pl. Mot. 5, ECF No. 33. In the retainer agreement, the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits. *See* Fee Agreement, ECF No. 33-1. Counsel represents that, if fees are awarded under § 406(b), he will refund to the Plaintiff the $16,580.00 in EAJA fees previously awarded. *See* Pl. Mot. ¶ 8.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $16,580.00 in EAJA fees, requests $28,111.50 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement, and counsel will refund the $16,580.00 in EAJA fees to the Plaintiff. Counsel represents that 72.65 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $377.10. *See* Pl. Mot. ¶¶ 3, 13. This hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 33] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $28,111.50. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $16,580.00 in EAJA fees previously awarded in this case.

SO ORDERED on October 24, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT